IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY HALL and MEAGIN LEWIS, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SIMON PROPERTY GROUP, INC., and SIMON PROPERTY GROUP, L.P. <br><br> Defendants. | CAUSE NO. 1:16-cv-1453 |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Jeffrey Hall and Meagin Lewis (collectively "Plaintiffs"), by and through the undersigned counsel, for themselves, and on behalf of all other similarly situated current and former employees of Simon Property Group, Inc. and Simon Property Group, L.P. ("SPG") bring this Complaint against their former employer, SPG, for overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and in support state as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who have worked as Guest Services Managers (collectively "GSMs") for SPG anywhere in the United States.

2. SPG owns and operates retail shopping properties, commonly known as "malls" throughout the United States. According to Defendants' website, SPG "is a global leader in retail real estate ownership, management and development" whose "industry-leading retail

properties and investments across North America, Europe and Asia provide shopping experiences for millions of consumers every day and generate billions in annual retail sales."

3.  SPG employs GSMs to assist with the operation of its malls throughout the United States.

4.  Throughout the relevant period, Defendants' nationwide policy has been to uniformly classify GSMs as exempt from federal and state overtime provisions and not to pay GSMs any overtime wages.

5.  This exempt classification is improper because the primary duties of GSMs are non-exempt duties.

6.  The primary duties of GSMs are customer service and primarily involve working at the Guest Services booth in the mall and selling SPG gift cards.

7.  GSMs spend the majority of their time performing similar duties to the duties performed by non-exempt, hourly-paid employees.

8.  The primary duties of the GSM position do not vary among Defendants' mall locations nationwide.

9.  In order to meet the needs of customers and for the malls to run smoothly, Defendants regularly require GSMs to work in excess of 40 hours per week.

10. Defendants do not pay GSMs for hours worked in excess of 40 in a workweek.

11. Defendants do not pay GSMs overtime compensation.

12. By the conduct described in this Collective Action Complaint, Defendants have violated the FLSA by failing to pay GSMs, including Plaintiffs, the overtime wages that they have earned and to which they are entitled by law.

13. Plaintiffs bring this action on behalf of themselves and similarly situated current

and former employees of Defendants who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

## THE PARTIES

### *Plaintiffs*

### Jeffrey Hall

14. Plaintiff Jeffrey Hall ("Hall") is an adult individual who is a resident of Athens, Illinois.

15. Hall was employed by Defendants from approximately June 2013 to June 2015. During this period, he worked at Defendants' mall location in Springfield, Illinois.

16. Pursuant to Defendants' policy, pattern, and/or practice, Hall regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

17. Hall is a covered employee within the meaning of the FLSA and applicable state laws.

18. A written consent form signed by Hall is attached hereto as **Exhibit A**.

### Meagin Lewis

19. Plaintiff Meagin Lewis ("Lewis") is an adult individual who is a resident of Oklahoma City, Oklahoma.

20. Lewis was employed by Defendants from approximately August 2014 to March 2016. During this period, she worked at Defendants' mall location in Oklahoma City, Oklahoma.

21. Pursuant to Defendants' policy, pattern, and/or practice, Lewis regularly worked

more than 40 hours in a workweek, but was not compensated for overtime hours worked.

22. Lewis is a covered employee within the meaning of the FLSA and applicable state laws.

23. A written consent form signed by Lewis is attached hereto as **Exhibit B**.

### *Defendants*

24. Defendants are corporations registered in Delaware.

25. Defendants are authorized to do and doing business in Indianapolis, Marion County, Indiana, with their principal place of business located at 225 West Washington Street, Indianapolis, IN 46204.

26. Throughout the relevant period, both Defendants jointly employed Plaintiffs and similarly situated employees within the meaning of the FLSA and applicable state laws. Both Defendants jointly have had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

27. Both Defendants are covered employers within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

28. At all times relevant, both Defendants jointly maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

29. Both Defendants apply the same employment policies, practices, and procedures to all GSMs.

30. At all times relevant, each Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

32. In addition, the Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

33. This Court is empowered to issue a declaratory judgment pursuant to 8 U.S.C. §§ 2201 and 2202.

34. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 because Defendants operate there, have their corporate headquarters there, and a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants are subject to personal jurisdiction in Indiana.

## COLLECTIVE-WIDE COMMON FACTUAL ALLEGATIONS

35. Plaintiffs and the members of the FLSA Collective ("Collective Members"), worked for Defendants as GSMs.

36. Throughout their employment with Defendants, Plaintiffs and the Collective Members consistently worked more than 40 hours per week.

37. Defendants were aware that Plaintiffs and the Collective Members worked more than 40 hours per workweek, yet Defendants failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

38. Defendants did not keep accurate records of hours worked by Plaintiffs or the Collective Members. That is, although Plaintiffs and Collective Members routinely worked more than 40 hours, Defendants did not record those hours.

39. Plaintiffs' and the Collective Members' primary duty was not management.

40. Plaintiffs and the Collective Members primarily performed non-exempt hourly work, including duties such as customer service, including staffing the Guest Services booth and selling SPG gift cards. Plaintiffs and the Collective Members spent the vast majority of their time performing these non-exempt duties. These duties are the same as the duties performed by hourly-paid employees, whom are routinely classified by Defendants as non-exempt.

41. Plaintiffs and the Collective Members were closely supervised by SPG's Marketing Directors.

42. Plaintiffs and the Collective Members did not exercise any meaningful degree of independent discretion with respect to the exercise of their duties, and were required to follow the policies, practices, and procedures set by Defendants. Plaintiffs and the Collective Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

43. For example, Plaintiffs and the Collective Members did not have authority to (a) create or implement management policies, practices, and procedures for Defendants; (b) commit Defendants in matters having significant financial impact; (c) set employee wages; (d) hire, fire, or promote employees; or (e) determine how many labor hours could be allocated to their mall location.

44. Plaintiffs bring their First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as GSMs at any mall location in the United States, on or after June 14, 2013, who elect to opt-in to this action (the "FLSA Collective").

45. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and

6

the FLSA Collective have performed.

46. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This pattern, practice, and/or policy includes, but is not limited to:

    a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

47. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 hours per workweek.

48. Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

49. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(Brought on behalf of Plaintiffs and the FLSA Collective Against All Defendants)**

50. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

51. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

52. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

53. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

55. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

56. At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

57. Defendants failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

58. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

59. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60. As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

61. As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Collective Members, pray for relief as follows:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit to recover their unpaid overtime wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. An award of damages (including but not limited to unpaid wages and unpaid overtime wages, as applicable), liquidated damages, appropriate civil penalties, the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes and restitution to be paid by Defendants according to proof;

D. Pre-Judgment interest;

E. Attorneys' fees and costs of this action, including expert fees; and

F. Such other relief as this Court deems just and proper.

Respectfully submitted,

__/s/ Kathleen A. DeLaney_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
Attorneys for Plaintiff

DELANEY & DELANEY LLC
3646 N. Washington Boulevard

9

Indianapolis, IN  46205

GREGG I. SHAVITZ (*PRO HAC VICE* PENDING)
CAMAR R. JONES (*PRO HAC VICE* PENDING)
SHAVITZ LAW GROUP, P.A.
1515 S. FEDERAL HWY., SUITE 404
BOCA RATON, FLORIDA 33432
TELEPHONE: (561) 447-8888
FACSIMILE:  (561) 447-8831
E-MAIL: GSHAVITZ@SHAVITZLAW.COM
E-MAIL: CJONES@SHAVITZLAW.COM

## JURY DEMAND

Plaintiffs Jeffrey Hall and Meagin Lewis, by counsel, respectfully request a trial by jury on all issues so triable.

Respectfully submitted,


  /s/ Kathleen A. DeLaney
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
Attorneys for Plaintiff

DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN  46205

GREGG I. SHAVITZ (*PRO HAC VICE* PENDING)
CAMAR R. JONES (*PRO HAC VICE* PENDING)
SHAVITZ LAW GROUP, P.A.
1515 S. FEDERAL HWY., SUITE 404
BOCA RATON, FLORIDA 33432
TELEPHONE: (561) 447-8888
FACSIMILE:  (561) 447-8831
E-MAIL: GSHAVITZ@SHAVITZLAW.COM
E-MAIL: CJONES@SHAVITZLAW.COM

*ATTORNEYS FOR PLAINTIFFS AND PROPOSED COLLECTIVE MEMBERS*