**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JEFFREY HALL and MEAGIN LEWIS, On Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SIMON PROPERTY GROUP, INC., and SIMON PROPERTY GROUP, L.P.,<br><br>      Defendants. | Case No. 1:16-cv-01453-SEB-DML |

**DEFENDANTS' ANSWER TO PLAINTIFFS'
COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

  Defendants Simon Property Group, Inc. ("SPG, Inc.") and Simon Property Group, L.P. ("SPG, LP") (collectively "Defendants") now answer Plaintiffs Jeffrey Hall and Meagin Lewis' Collective Action Complaint and Demand for Jury Trial. For ease of future reference, Plaintiffs' allegations are set forth below *verbatim*, with Defendants' responses immediately following each allegation.

**NATURE OF THE ACTION**

  1. This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who have worked as Guest Services Managers (collectively "GSMs") for SPG anywhere in the United States.

  **ANSWER**: Defendants admit that Plaintiffs purport to recover overtime as set forth in the foregoing paragraph. Defendants deny Plaintiffs' claim for overtime compensation and deny

that others are similarly situated and/or are entitled to the requested relief. Defendants deny all remaining allegations contained in the foregoing paragraph.

2. SPG owns and operates retail shopping properties, commonly known as "malls" throughout the United States. According to Defendants' website, SPG "is a global leader in retail real estate ownership, management and development" whose "industry-leading retail properties and investments across North America, Europe and Asia provide shopping experiences for millions of consumers every day and generate billions in annual retail sales."

**ANSWER**: Defendants admit they or their subsidiaries own and/or operate certain retail real estate properties in the United States. Defendants admit that Plaintiffs have cited portions of the spg.com website. Defendants deny all remaining allegations contained in the foregoing paragraph.

3. SPG employs GSMs to assist with the operation of its malls throughout the United States.

**ANSWER**: Defendants deny that SPG, Inc. employs any GSMs. Defendants admit that SPG, LP employs a limited number of GMSs to perform functions in certain retail real estate properties located in the United States. Defendants deny the remaining allegations contained in the foregoing paragraph.

4. Throughout the relevant period, Defendants' nationwide policy has been to uniformly classify GSMs as exempt from federal and state overtime provisions and not to pay GSMs any overtime wages.

      **ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

5.     This exempt classification is improper because the primary duties of GSMs are non-exempt duties.

      **ANSWER**: Defendants deny that the exempt classification is improper and all other allegations contained in the foregoing paragraph.

6.     The primary duties of GSMs are customer service and primarily involve working at the Guest Services booth in the mall and selling SPG gift cards.

      **ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

7.     GSMs spend the majority of their time performing similar duties to the duties performed by non-exempt, hourly-paid employees.

      **ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

8.     The primary duties of the GSM position do not vary among Defendants' mall locations nationwide.

      **ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

9.     In order to meet the needs of customers and for the malls to run smoothly, Defendants regularly require GSMs to work in excess of 40 hours per week.

      **ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

10. Defendants do not pay GSMs for hours worked in excess of 40 in a workweek.

**ANSWER**: Defendants deny that GSMs work hours for which they are not paid and all other allegations contained in the foregoing paragraph.

11. Defendants do not pay GSMs overtime compensation.

**ANSWER**: Defendants admit the allegations contained in the foregoing paragraph.

12. By the conduct described in this Collective Action Complaint, Defendants have violated the FLSA by failing to pay GSMs, including Plaintiffs, the overtime wages that they have earned and to which they are entitled by law.

**ANSWER**: Defendants deny that they violated the FLSA and all other allegations contained in the foregoing paragraph.

13. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendants who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

**ANSWER**: Defendants admit that Plaintiffs seek to bring this action on a collective action basis. Defendants deny that Plaintiffs have any basis to do so and deny all other allegations contained in the foregoing paragraph.

## THE PARTIES

### *Plaintiffs*

### Jeffrey Hall

14. Plaintiff Jeffrey Hall ("Hall") is an adult individual who is a resident of Athens, Illinois.

**ANSWER**: Defendants admit that Plaintiff Hall is an adult individual. Defendants otherwise are without knowledge or information sufficient to form a belief as to whether Plaintiff Hall is currently a resident of Athens, Illinois.

15. Hall was employed by Defendants from approximately June 2013 to June 2015. During this period, he worked at Defendants' mall location in Springfield, Illinois.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

16. Pursuant to Defendants' policy, pattern, and/or practice, Hall regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

**ANSWER**: Defendants deny the allegations that Hall was not properly compensated and all other allegations contained in the foregoing paragraph.

17. Hall is a covered employee within the meaning of the FLSA and applicable state laws.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

18. A written consent form signed by Hall is attached hereto as **Exhibit A**.

**ANSWER**:  Defendants admit that a purported consent form is attached to Plaintiffs' Complaint as Exhibit A.

### Meagin Lewis

19. Plaintiff Meagin Lewis ("Lewis") is an adult individual who is a resident of Oklahoma City, Oklahoma.

**ANSWER**:  Defendants admit that Plaintiff Lewis is an adult individual.  Defendants otherwise are without knowledge or information sufficient to form a belief as to whether Plaintiff Lewis is currently a resident of Oklahoma City, Oklahoma.

20. Lewis was employed by Defendants from approximately August 2014 to March 2016.  During this period, she worked at Defendants' mall location in Oklahoma City, Oklahoma.

**ANSWER**:  Defendants deny the allegations contained in the foregoing paragraph.

21. Pursuant to Defendants' policy, pattern, and/or practice, Lewis regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

**ANSWER**:  Defendants deny the allegations that Lewis was not properly compensated and all other allegations contained in the foregoing paragraph.

22. Lewis is a covered employee within the meaning of the FLSA and applicable state laws.

**ANSWER**:  Defendants deny the allegations contained in the foregoing paragraph.

23. A written consent form signed by Lewis is attached hereto as **Exhibit B**.

**ANSWER**: Defendants admit that a purported consent form is attached to Plaintiffs' Complaint as Exhibit B.

### *Defendants*

24. Defendants are corporations registered in Delaware.

**ANSWER**: Defendants admit that SPG, Inc. is a corporation registered in Delaware. Defendants deny the remaining allegations contained in the foregoing paragraph.

25. Defendants are authorized to do and doing business in Indianapolis, Marion County, Indiana, with their principal place of business located at 225 West Washington Street, Indianapolis, IN 46204.

**ANSWER**: Defendants admit the allegations contained in the foregoing paragraph.

26. Throughout the relevant period, both Defendants jointly employed Plaintiffs and similarly situated employees within the meaning of the FLSA and applicable state laws. Both Defendants jointly have had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

27. Both Defendants are covered employers within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**ANSWER**: Defendants admit that they are covered employers under the FLSA. Defendants deny the remaining allegations contained in the foregoing paragraph.

28. At all times relevant, both Defendants jointly maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

29. Both Defendants apply the same employment policies, practices, and procedures to all GSMs.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

30. At all times relevant, each Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

**ANSWER**: Defendants admit the allegations contained in the foregoing paragraph.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

**ANSWER**: Defendants admit the allegations contained in the foregoing paragraph.

32. In addition, the Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

**ANSWER**: Defendants admit the allegations contained in the foregoing paragraph.

33. This Court is empowered to issue a declaratory judgment pursuant to 8 U.S.C. §§ 2201 and 2202.

**ANSWER**:  The foregoing paragraph contains no allegations requiring an answer from Defendants.  In any event, Defendants deny that declaratory judgment is appropriate in this case.

34. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 because Defendants operate there, have their corporate headquarters there, and a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants are subject to personal jurisdiction in Indiana.

**ANSWER**:  Defendants admit that venue is proper and that they are subject to personal jurisdiction in Indiana.  Defendants deny the remaining allegations contained in the foregoing paragraph.

## COLLECTIVE-WIDE COMMON FACTUAL ALLEGATIONS

35. Plaintiffs and the members of the FLSA Collective ("Collective Members"), worked for Defendants as GSMs.

**ANSWER**:  Defendants deny the allegations contained in the foregoing paragraph.

36. Throughout their employment with Defendants, Plaintiffs and the Collective Members consistently worked more than 40 hours per week.

**ANSWER**:  Defendants deny all allegations contained in the foregoing paragraph.

37. Defendants were aware that Plaintiffs and the Collective Members worked more than 40 hours per workweek, yet Defendants failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

**ANSWER**: Defendants deny that they failed to pay any compensation due to Plaintiffs and all other allegations contained in the foregoing paragraph.

38. Defendants did not keep accurate records of hours worked by Plaintiffs or the Collective Members. That is, although Plaintiffs and Collective Members routinely worked more than 40 hours, Defendants did not record those hours.

**ANSWER**: Defendants deny that they were required to pay Plaintiffs and/or putative class members' overtime and all other allegations contained in the foregoing paragraph.

39. Plaintiffs' and the Collective Members' primary duty was not management.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

40. Plaintiffs and the Collective Members primarily performed non-exempt hourly work, including duties such as customer service, including staffing the Guest Services booth and selling SPG gift cards. Plaintiffs and the Collective Members spent the vast majority of their time performing these non-exempt duties. These duties are the same as the duties performed by hourly-paid employees, whom are routinely classified by Defendants as non-exempt.

**ANSWER**: Defendants deny all allegations contained in the foregoing paragraph.

41. Plaintiffs and the Collective Members were closely supervised by SPG's Marketing Directors.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

42. Plaintiffs and the Collective Members did not exercise any meaningful degree of independent discretion with respect to the exercise of their duties, and were required to follow the policies, practices, and procedures set by Defendants. Plaintiffs and the Collective Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

43. For example, Plaintiffs and the Collective Members did not have authority to (a) create or implement management policies, practices, and procedures for Defendants; (b) commit Defendants in matters having significant financial impact; (c) set employee wages; (d) hire, fire, or promote employees; or (e) determine how many labor hours could be allocated to their mall location.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

44. Plaintiffs bring their First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as GSMs at any mall location in the United States, on or after June 14, 2013, who elect to opt-in to this action (the "FLSA Collective").

**ANSWER**: Defendants admit that Plaintiffs seek to bring this action on a collective action basis. Defendants deny that Plaintiffs have any basis to do so and deny all other allegations contained in the foregoing paragraph

45. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

46. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This pattern, practice, and/or policy includes, but is not limited to:

   a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

   b. willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

   c. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

**ANSWER**: Defendants deny that they have violated the FLSA and all other allegations contained in the foregoing paragraph.

47. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 hours per workweek.

**ANSWER**: Defendants deny that they have violated the FLSA and all other allegations contained in the foregoing paragraph.

48. Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

49. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**ANSWER**: Defendants deny that they have violated the FLSA and all other allegations contained in the foregoing paragraph.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective Against All Defendants)**

50. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER**: Defendants incorporate by reference their answers to the foregoing paragraphs and allegations.

51. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

**ANSWER**: Defendants deny that they have violated the FLSA and all other allegations contained in the foregoing paragraph.

52. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

**ANSWER**: Defendants admit the allegations contained in the foregoing paragraph.

53. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER**: Defendants deny that Plaintiffs were engaged in interstate commerce. Defendants deny the allegations contained in the foregoing paragraph.

54. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

**ANSWER**: Defendants admit the allegations contained in the foregoing paragraph.

55. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER**: Defendants admit the allegations contained in the foregoing paragraph.

56. At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

**ANSWER**: Defendants deny the allegations contained in the foregoing paragraph.

57. Defendants failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

**ANSWER**: Defendants deny that they have violated the FLSA and all other allegations contained in the foregoing paragraph.

58. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

**ANSWER**: Defendants deny that they have violated the FLSA and all other allegations contained in the foregoing paragraph.

59. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**ANSWER**: Defendants deny that they have violated the FLSA and all other allegations contained in the foregoing paragraph.

60. As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

**ANSWER**:   Defendants deny that they have violated the FLSA and all other allegations contained in the foregoing paragraph.

61.    As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**ANSWER**:   Defendants deny that they have violated the FLSA and all other allegations contained in the foregoing paragraph.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all Collective Members, pray for relief as follows:

- A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit to recover their unpaid overtime wages;

- B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

- C. An award of damages (including but not limited to unpaid wages and unpaid overtime wages, as applicable), liquidated damages, appropriate civil penalties, the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes and restitution to be paid by Defendants according to proof;

D.      Pre-Judgment interest;

E.      Attorneys' fees and costs of this action, including expert fees; and

F.      Such other relief as this Court deems just and proper.

**ANSWER:** Defendants deny that Plaintiffs are entitled to the requested relief and all factual statements and allegations set forth (or embedded in) the foregoing "WHEREFORE" paragraph.

## GENERAL DENIAL

Defendants deny any allegations in Plaintiffs' Complaint that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported class as set forth in their Complaint, fail to state facts sufficient to constitute a cause of action against Defendants.

### SECOND DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported class as set forth in the Complaint, are barred, or limited, by the applicable statutes of limitations.

### THIRD DEFENSE

Subject to discovery and investigation, Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported class as set forth in the

Complaint, are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

## FOURTH DEFENSE

Defendants reserve the right to add additional defenses as further investigation and discovery reveal information relating to Plaintiffs' claims and Defendants' defenses.

Defendants respectfully request that the Court enter judgment against Plaintiffs and in favor of Defendants, that the Court dismiss Plaintiffs' Complaint with prejudice, that Defendants be awarded the fees and costs incurred in its defense of this matter, and that Defendants be granted all other appropriate relief.

Respectfully submitted,

*s/ Kathleen M. Anderson*
Jeffery M. Mallamad (#11253-98)
jeffery.mallamad@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

Kathleen M. Anderson (#16351-92)
kathleen.anderson@btlaw.com
BARNES THORNBURG LLP
110 E. Wayne Street, Suite 600
Fort Wayne, IN 46802
Telephone: (260) 425-4657
Facsimile: (260) 424-8316

ATTORNEY FOR DEFENDANTS
SIMON PROPERTY GROUP, INC. and
SIMON PROPERTY GROUP, L.P.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served this 3rd day of August, 2016, either by United States mail or by electronically filing the same with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Kathleen A. DeLaney, Esq.
>Christopher S. Stake, Esq.
>DeLaney & DeLaney LLC
>3646 N. Washington Boulevard
>Indianapolis, IN  46205
>
>Gregg I. Shavitz, Esq.
>Camar R. Jones, Esq.
>Shavitz Law Group, P.A.
>Suite 404
>1515 S. Federal Highway
>Boca Raton, FL  33432

>*s/ Kathleen M. Anderson*
>Kathleen M. Anderson

DMS 4222215v1