IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFF HALL and MEAGIN LEWIS, | ) | |
| On Behalf of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | CAUSE NO.  1:16-cv-01453-SEB-DML |
| | ) | |
| v. | ) | |
| | ) | |
| SIMON PROPERTY GROUP, INC., | ) | |
| and SIMON PROPERTY GROUP, L.P. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for

Approval of Fair Labor Standards Act Settlement ("Motion for Approval").  After reviewing the

Motion for Approval, the supporting Memorandum of Law in Support of the Motion for

Approval (the "Memorandum"), the Declaration of Gregg Shavitz ("Shavitz Decl.") and

supporting declarations and exhibits, the Court hereby finds as follows:

**The Settlement Is Approved**

1.   The Court approves and incorporates by reference all of the definitions contained in

the Settlement Agreement.

2.   The Court hereby approves the Nine Hundred Thousand and 00/100 Dollars

($900,000.00) settlement.  Courts approve FLSA settlements when they are reached as a result of

contested litigation to resolve bona fide disputes.  *See, e.g.*, *Lynn's Food Stores, Inc. v. United*

*States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Fosbinder-Bittorf v. SSM Health Care of Wis.,*

*Inc.*, No. 11 Civ. 592, 2013 WL 5745102, at *1 (W.D. Wis. Oct. 23, 2013); *Burkholder v. City of*

*Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010); *see also Butler v. Am. Cable &*

*Telephone, LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *8-9 (N.D. Ill. Oct. 6, 2011).  If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.  *Lynn's Food Stores*, 679 F.2d at 1354; *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *2 (N.D. Ind. Sept. 25, 2014).  "It is a well settled principle that the law generally encourages settlements."  *Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979).

3.   Here, settlement meets the standard for approval.  The settlement was the result of vigorously contested litigation with extensive discovery, and arm's-length negotiations.  Recognizing the uncertain legal and factual issues involved, the parties reached their settlement after attending private mediation before an experienced mediator.  At all times during the settlement negotiation process, negotiations were conducted at arm's length.

### The Settlement Procedure Is Approved

4.   A one-step settlement approval process is appropriate.  *See, e.g.*, *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) ("A one-step settlement approval process is appropriate[]" in FLSA settlements."); *Watson, et al. v. BMO Financial Corp. and BMO Harris Bank, N.A.*, No. 15 Civ. 11881 (N.D. Ill. July 11, 2016) (St. Eve, J.), ECF Nos. 34, 39 (granting request for one-step approval process); *Prena v. BMO Fin. Corp.*, No. 15 Civ. 9175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (same).  Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action.  *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA.").  Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, *McKenna v.*

*Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions.  *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013); *see also Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions).

5.   The Notice of Settlement attached to the Settlement Agreement as Exhibit 1 is approved.  The Notice of Settlement sufficiently informs Eligible Settlement Collective Members of the terms of the settlement, including the estimated amount to which they are entitled under the allocation formula, the scope of the release, and the request for attorneys' fees and costs.  *See Koszyk*, 2016 WL 5109196, at *2 (N.D. Ill. Sept. 16, 2016) (approving class notice that, *inter alia*, described settlement terms and fee allocation); *Zolkos v. Scriptfleet, Inc.*, No. 12 Civ. 8230, 2014 WL 7011819, at *6 (N.D. Ill. Dec. 12, 2014) (same); *Tobin v. Beer Capitol Distributing Inc.*, No. 12 Civ. 274, 2012 WL 5197976, at *3 (E.D. Wis. Oct. 19, 2012) (same); *see also Bozak v. FedEx Ground Package Sys., Inc.*, No. 11 Civ. 738, 2014 WL 3778211, at *3 (D. Conn. July 31, 2014) (approving FLSA notice providing notice of settlement terms and options facing class).

6.   The plan for sending the Notice of Settlement as proposed by Plaintiffs' Counsel is approved.

**The Service Awards Are Approved**

7.   Service awards of Seven Thousand and 00/100 Dollars ($7,000.00) to Named Plaintiff, Jeffrey Hall, Three Thousand Five Hundred and 00/100 ($3,500.00) Dollars to Named Plaintiff, Meagin Lewis, and One Thousand Five Hundred and 00/100 Dollars ($1,500.00) to each of the 11 Opt In Plaintiffs (who joined this action before January 6, 2017) are approved.

The amount shall be paid from the Gross Settlement Amount.  Plaintiffs in class and collective actions play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny.  Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs.  *See, e.g.*, *Espenscheid*, 688 F.3d at 876-77 (Posner, J.); *Cook*, 142 F.3d at 1016; *Follansbee v. Discover Fin. Servs., Inc.*, No. 99 Civ. 3827, 2000 WL 804690, at \*7 (N.D. Ill. June 21, 2000) (recognizing the importance of incentive awards).

**Fees and Costs of the Settlement Administrator and Attorneys Are Approved**

8.   The Court approves of the Settlement Administrator's fees and costs of no more than Fifteen Thousand and 00/100 Dollars ($15,000.00).

9.   The Court grants Plaintiffs' Counsel's request for one-third of the settlement, Three Hundred Thousand and 00/100 Dollars ($300,000.00), as attorneys' fees.

10. Plaintiffs' request for one-third of the settlement in attorneys' fees is consistent with the market in this circuit.  *Taubenfeld v. AON Corp.*, 415 F.3d 597, 600 (7th Cir. 2005). (approving attorneys' fees based, *inter alia*, on "legal hurdles that lead counsel faced in proving liability") (citing *Donovan v. Estate of Frank E. Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985)).  Plaintiffs' Counsel are experienced wage and hour class and collective action litigators and have achieved a positive result on behalf of the Eligible Settlement Collective Members.

11. Courts routinely hold that one-third of a common fund is an appropriate attorneys' fees award in class action settlement, including wage and hour settlements.  *See, e.g.*, *Koszyk*, 2016 WL 510916, at \*3 (granting request for one-third of the settlement fund for attorneys' fees plus costs); *Watson,* No. 15 Civ. 11881 (N.D. Ill. July 11, 2016) (St. Eve, J.), ECF No. 34, 39 (same); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of

fund); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d at 842 (awarding fees on one-third common fund); *Goldsmith v. Tech. Solutions Co.*, No. 92 Civ. 4374, 1995 WL 17009594, at *7-8 (N.D. Ill. Oct. 10, 1995) (same and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery"); 3 Alba Conte *et al.*, *Newberg on Class Actions* § 14.6 (4th ed. 2002) ("[F]ee awards in class actions average around one-third of the recovery[.]").

12. Plaintiffs' Counsel's request for reimbursement of $4,877.35 in actual out-of-pocket expenses incurred in prosecuting this case, including costs for case-related travel and accommodations, electronic research, court fees, postage and courier fees, working meals, and photocopies, is granted.  The Court finds these costs to be reasonably incurred.

**Dismissal and Post-Judgment Procedure**

13. The Court dismisses this action with prejudice, but will retain jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including overseeing the distribution of settlement funds.

14. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

IT IS SO ORDERED.

Date:  2/22/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

cc:   All Counsel of Record